Dear Sirs:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. Your request pertains to an "Endorsement Resolution" relating to the Quality Jobs Program that was adopted on April 18, 2008 by the Allen Parish Police Jury.
You indicated the following to us:
 On April 18, 2005, the Allen Parish Police Jury enacted an "Endorsement Resolution," in which Allen Parish agreed to participate in the Quality Jobs Program, to assist the Louisiana Department of Economic Development in evaluating progress made in any Quality Jobs within its jurisdiction, and to rebate all eligible local sales/use taxes on the purchase of eligible construction materials, machinery, and equipment purchased by Martco Limited Partnership ("Martco"), OSB II Project and used by the business permanently on that site.
 On November 9, 2005, the State of Louisiana, Board of Commerce and Industry, and Martco entered into a contract for the Louisiana Quality Jobs Program for rebates pursuant to La.R.S. 51:2451-2462. *Page 2 
 On November 19, 2007, Martco, through its attorney, made formal demand on the Police Jury for the rebate of "all applicable local sales taxes."
 The only sales and use tax collected by the Allen Parish Police Jury is a voter approved levy of .70% with the proceeds dedicated for the collection and disposal of solid waste for the entire parish. Any surplus above that required to fund waste removal is required to be distributed to the parish and five municipalities according to a prescribed formula. None of the municipalities listed in the formula have enacted resolutions concerning the Quality Jobs program.
Your concerns and the Attorney General's responses to those concerns are presented as follows:
1. Did the Allen Parish Police Jury have the legal authority to enterinto a resolution that provided for sales and use tax rebates to aprivate industry under the Louisiana Quality Jobs Program Act?
La.R.S. 51:2456 governs the rebates authorized in the Louisiana Quality Jobs Program Act. Sales and use tax rebates are discussed in La.R.S. 51:2456(B), which provides that:
 B. In addition to the rebates provided in this Chapter, an employer who has executed a contract under the provisions of this Chapter shall be entitled to the same sales and use tax rebates or refundable investment income tax credit authorized in R.S. 51:1787, if the employer meets the enterprise zone program hiring requirements and all other limitations, procedures, and requirements in R.S. 51:1787. Any contract executed under this Chapter which provides for a rebate of local sales and use taxes shall include the same procedures and requirements under R.S. 51:1787 for rebates involving local sales and use taxes, including but not limited to the requirement that any such request for a rebate of local sales and use taxes be accompanied by an endorsement resolution approved by the governing authority of the appropriate municipality, parish, port district, or industrial district board in whose jurisdiction the employer is or will be located.
Thus, the rebate of local sales and use taxes allowed by the Louisiana Quality Jobs Program Act is the same rebate authorized by the Louisiana Enterprise Zone Act, La.R.S. 51:1787 ("LEZA"). Also, the contract that Martco executed under the Louisiana *Page 3 
Quality Jobs Program Act states that Martco "shall be entitled to the Sales and Use Tax Rebates authorized in R.S. 51:1787 upon meeting the Enterprise Zone Program hiring requirements and all other limitations, procedures, and requirements of R.S. 51:1787." LEZA provides, in part, that:
 A. The board, after consultation with the secretaries of the Department of Economic Development and Department of Revenue, and with the approval of the governor, may enter into contracts not to exceed five years to provide:
 (1) For either:
 (a)(i) The rebate of sales and use tax imposed by the state and imposed by its political subdivisions upon approval of the governing authority of the appropriate municipality or the appropriate parish where applicable, or both, and of the governing authority of any other political subdivision, including the office of sheriff in the case of a law enforcement district, for the following:
 (aa) The use of customer-owned tooling in a compression molding process.
 (bb) Purchases of the material used in the construction of a building, or any addition or improvement thereon, for housing any legitimate business enterprise and machinery and equipment used in that enterprise.
Thus, it appears that Martco would also be eligible for a rebate of sales and use taxes imposed by the state's political subdivisions upon approval of the appropriate governing authority. The police jury is the appropriate governing authority of Allen Parish, and in its "Endorsement Resolution," it, in accordance with the Louisiana Quality Jobs Program Act, agreed "to rebate all eligible local sales/use taxes on the purchase of eligible construction materials, machinery, and equipment" purchased for Martco's OSB II project and used by it permanently on its Allen Parish site. Therefore, we conclude that the Allen Parish Police Jury had the legal authority to enter into a resolution that provided for sales and use tax rebates to a private industry under the Louisiana Quality Jobs Program Act.
2. Assuming the answer to the first question is yes, would it benecessary to first declare that the waste disposal fund had sufficient"surplus" to rebate the sales tax as demanded by Martco? Also, can theapplicable taxes be rebated without the approval of the municipalities whoare named in the election call for the sales tax renewal proposition? *Page 4 
In Attorney General Opinion No. 07-0284, we were asked to consider the sales and use tax rebates allowed under LEZA. Particularly, we were asked whether LEZA prohibits the rebate of local sales and use taxes that have been dedicated. We ultimately opined that local sales and use taxes which have been dedicated to a particular use or purpose in the tax proposition imposing such taxes cannot be rebated under the provisions of LEZA. However, the statute that provides for the rebates, La.R.S. 51:1787, was recently amended. The amendment, in part, added La.R.S.51:1787(A)(1)(a)(iii), which provides that:
 Sales and use taxes imposed by a political subdivision which are dedicated to the repayment of bond indebtedness or dedicated to schools shall not be eligible for rebate. All other state and local sales and use taxes shall be eligible for rebate.
As mentioned above, the rebate of local sales and use taxes allowed by the Louisiana Quality Jobs Program Act is the same rebate authorized by LEZA. Accordingly, it follows that local sales and use taxes that have been not been dedicated to repayment of bond indebtedness or dedicated to schools may be rebated under the Louisiana Quality Jobs Program Act.[1]
You have indicated the following tax proposition was presented to the voters of Allen Parish:
 PROPOSITION (SALES TAX RENEWAL)
 SUMMARY: .70% PERCENT SALES AND USE TAX RENEWAL FOR A PERIOD OF 15 YEARS, TO BE DEDICATED FIRST: TO PAY THE COST OF THE COLLECTION AND DISPOSAL OF SOLID WASTE FOR THE ENTIRE PARISH, INCLUDING THE ACQUISITION OF LAND FOR CONTAINER SITES; AND SECONDLY, ANY REVENUES DERIVED FROM THE LEVY OF THE TAX ABOVE THE AMOUNTS REQUIRED TO MEET THE OBLIGATIONS OF THE PARISH HEREINBERFORE DESCRIBED, SHALL BE CONSIDERED AS SURPLUS REVENUES AND SHALL BE DIVIDED AND DISTRIBUTED ANNUALLY TO THE PARISH AND THE MUNICIPALITIES IN THE PARISH ON A PER CAPITA BASIS ACCORDING TO THE LAST FEDERAL DICENNIAL CENSUS; SUBJECT TO BE FUNDED INTO BONDS. *Page 5 
 Shall the Parish of the Allen, State of Louisiana (the "Parish"), under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority, be authorized to continue the levy of a tax of seventy hundredths of one percent (.70%) (the "Tax") upon the sale at retail, the use, the lease or rental, the consumption, and storage for use or consumption, of tangible personal property and on sales of services within the District, all as presently defined in R.S. 47:301 through 47:317, inclusive, for a period of fifteen (15) years beginning December 1, 1999, with the avails or proceeds of the Tax (after first paying the reasonable and necessary costs and expenses of collecting and administering the Tax), to be dedicated first to pay the cost of the collection and disposal of solid waste for the entire Parish, including the acquisition of land for container sites; and secondly, any revenues derived from the levy of the Tax above the amounts required to meet the obligations of the parish hereinbefore described, shall be considered as surplus revenues and shall be divided and distributed annually between the Parish and the municipalities in the Parish on a per capita basis according to the last federal decennial census and used by the governing authority thereof for any lawful purpose; and further, shall the Parish be authorized to find the proceeds of the Tax into bonds for such capital purposes, to the extent and in the manner permitted by the laws of Louisiana, including sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, as amended.
The above stated proposition sets forth the use of the proceeds of the tax and dedicates the proceeds to be used "to pay the cost of the collection and disposal of solid waste for the entire parish, including the acquisition of land for container sites." It also allows for the distribution of those revenues derived from the levy of the tax above the amounts required to meet the proposition's stated purpose. These "surplus revenues" are to be divided and distributed annually to the parish and the municipalities of the parish and can be used "for any lawful purpose." Thus, only a portion of the tax proceeds are dedicated, and that portion is not dedicated to repayment of bond indebtedness or schools.
It would seem then that it would not be necessary to first declare that the waste disposal fund had sufficient "surplus" in order to rebate any sales and/or use taxes demanded by Martco; however, if that were the case, then any amount rebated to Martco would reduce the amount of the "surplus" that would be distributed to the municipalities named in the election call. Therefore, we must first determine whether the applicable taxes can be rebated without the approval of those municipalities. *Page 6 
As mentioned above, La.R.S. 51:1787(A)(1)(a)(1) provides for "the rebate of sales and use tax imposed by the state and imposed by its political subdivisions upon approval of the governing authority of the appropriate municipality or the appropriate parish where applicable, or both, and of the governing authority of any other political subdivision."
In Atty. Gen. Op. No. 93-89, the office opined that an endorsement resolution from one governing authority would not operate to afford tax rebates from another authority. We stated that it would be necessary for the other authority to evidence their own approval through a separate resolution or other formal acknowledgment document in order for the tax rebates to be applicable to them.
In this case, you indicated that only the Allen Parish Police Jury has passed a resolution agreeing to rebate eligible local sales and use taxes. Accordingly, it is the opinion of this office that it is necessary to first declare that the waste disposal fund had sufficient "surplus" in order to rebate any sales and/or use taxes demanded by Martco. Furthermore, any rebates must come out of Allen Parish's portion of the "surplus."
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By:
 BENJAMIN A. HUXEN II
 Assistant Attorney General
 JDC/BAHII:crt
[1] It is the opinion of this office that the surplus portion of the tax proceeds are not dedicated for any particular purpose. Thus, we make no determination as to whether La.R.S. 51:1787(A)(1)(a)(iii) applies retroactively, since the surplus portion would be subject to rebate whether or not that statute applied.